# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-98009

United States Court of Appeals
Fifth Circuit

**FILED**

May 31, 2019

Lyle W. Cayce
Clerk

In re: ASHTON ROBERT O'DWYER, JR.

Petitioner

Before COSTA, WILLETT, and DUNCAN, Circuit Judges.

PER CURIAM:*

This is a reciprocal discipline proceeding against Ashton O'Dwyer. In 2017, the Supreme Court of Louisiana permanently disbarred O'Dwyer. *In re O'Dwyer*, 221 So. 3d 1 (La. 2017). Under the federal rule governing attorney discipline in the court of appeals, "[a] member of the court's bar is subject to suspension or disbarment by the court if the member has been suspended or disbarred from practice in any other court." FED. R. APP. P. 46(b)(1)(A). So after the Louisiana disbarment, our court ordered O'Dwyer to show cause why he should not be removed from the list of attorneys admitted to practice in this court. O'Dwyer responded with voluminous submissions and requested oral argument, which the panel heard in December.

O'Dwyer seeks to relitigate his underlying discipline in the United States District Court for the Eastern District of Louisiana that led to his state disbarment. 221 So. 3d at 19 (concluding that O'Dwyer engaged in a "panoply of serious professional violations" based on his conduct in New Orleans federal court). But our task in considering reciprocal discipline is much more limited.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We do not review as an original matter the allegations that resulted in disbarment. Instead, we must give effect in our court to the state disbarment unless "an intrinsic consideration" of the state court record reveals that:

> 1. The state procedure, from want of notice or opportunity to be heard, was wanting due process.
>
> 2. [T]hat there was such an infirmity of proof as to facts found to have established the want of fair private and professional character as to give rise to a clear conviction on our part that we could not, consistently with our duty, accept as final the conclusion on that subject, or
>
> 3. [T]hat some other grave reason existed which should convince us that to allow the natural consequences of the judgment to have effect would conflict with the duty which rests upon us not to disbar except upon the conviction that, under the principles or right and justice, we were constrained so to do.

*Selling v. Radford*, 243 U.S. 46, 51 (1917); *see also In re Jones*, 275 F. App'x. 330, 331 (5th Cir. 2008) (applying the *Selling* factors). It is O'Dwyer's burden to establish one of these situations that would prevent us from following the decision of Louisiana's highest court. *Id.* (citing *In re Calvo*, 88 F.3d 962, 966 (11th Cir. 1996)).

We can readily dispose of the first basis for nonreciprocity. The state court disciplinary proceeding provided O'Dwyer with fulsome process. For three years, the hearing committee considered numerous "pre-hearing and evidentiary issues" O'Dwyer raised. *O'Dwyer*, 221 So. 3d at 10. At the eventual hearing, O'Dwyer "introduced volumes of documentary evidence," called a witness (the testimony of other witnesses was admitted by stipulation), and testified on his own behalf. *Id.* The state disbarment proceeding afforded O'Dwyer the process he was due.

That leaves the other two grounds for not recognizing a state court disbarment. They consider the merits, but only through a quite deferential

lens. *See Selling*, 243 U.S. at 51. Having considered the record of the state proceeding, O'Dwyer's numerous responses to the show cause order, and his oral argument, we conclude that the disbarment findings do not suffer from the substantial infirmities needed for us to decline to follow the same course the state court took. The attacks O'Dwyer levels against the state court findings at most argue for a different interpretation of his conduct in New Orleans federal court; he cannot show that the contrary view of the Supreme Court of Louisiana—and the federal district court for that matter—lacked evidence. To take just one example of serious misconduct, there was strong support for the finding that O'Dwyer engaged in the unauthorized practice of law following his suspension from the Eastern District of Louisiana. A motion was filed in an O'Dwyer case under the signature of O'Dwyer's cousin who was a lawyer. What evidence supported the conclusion that O'Dwyer wrote the brief and forged his cousin's signature so it could be filed? One of the most powerful types: a confession. O'Dwyer admitted in response to an inquiry from state disciplinary counsel that he had signed his cousin's name to the filing. 221 So. 3d at 8. The egregiousness of this conduct, occurring while O'Dwyer was already subject to court discipline, speaks for itself. And nothing in the stacks of paper submitted in this matter undermines the state court's conclusion that O'Dwyer engaged in this unauthorized practice.[1]

IT IS ORDERED that Ashton O'Dwyer be removed from the roll of attorneys admitted to practice as a member of the bar of this court.

---

[1] After oral argument, O'Dwyer filed a motion seeking access to the docket sheet for this matter. Per the typical practice for attorney discipline matters, this court does not maintain a "docket sheet." So his motion is DENIED. But to address O'Dwyer's concern, each member of the panel has electronic access to every filing he has made in this case (there have been more than 80 since the Chief Judge assigned the matter to this panel in September 2018).